# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW LUCIEN TURNBULL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-0599-CVE-FHM |
| | ) |
| STEVE TOLIVER, individually and as | ) |
| Sheriff of Creek County, CORRECTIONAL | ) |
| MANAGEMENT OF OKLAHOMA, INC., | ) |
| DETENTION OFFICER RICHARD | ) |
| WILDCAT, individually and as Deputy | ) |
| Sheriff and Detention Officer of Creek | ) |
| County Sheriff's Office, DETENTION | ) |
| OFFICER CODY THOMAS, individually | ) |
| and as Detention Officer of Creek County | ) |
| Sheriff's Office, KELLY BIRCH, | ) |
| individually and as Deputy Sheriff and | ) |
| Jail Administrator for Creek County | ) |
| Sheriff's Office, and ROBERT | ) |
| JORDAN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes on for consideration of Defendant Detention Officer Thomas' Motion to Dismiss and Brief in Support (Dkt. # 28) and Defendant Detention Officer Thomas' Supplemental Motion to Dismiss and Brief in Support (Dkt. # 38).[1]  Defendant Detention Officer Cody Thomas asks the Court to dismiss all claims asserted against him in the amended complaint (Dkt. # 35), because plaintiff failed to serve him within 120 days of filing the original complaint.

---

[1] Plaintiff has filed an amended complaint (Dkt. # 35). The filing of an amended complaint "supercedes an original complaint and renders the original complaint without legal effect." Mink v. Suthers, 482 F.3d 1244 (10th Cir. 2007). Thus, defendant's motion to dismiss (Dkt. # 28) the claims asserted against him in the original complaint is moot.

Plaintiff filed the original complaint (Dkt. # 2) on September 21, 2010 and, under Fed. R. Civ. P. 4(m), his deadline to serve the defendants named in the original complaint was January 19, 2011.[2] The original complaint identified one of the defendants as "Detention Officer Thomas," and Benjamin Waters, an attorney at plaintiff's counsel's law firm, has submitted an affidavit stating that plaintiff was unable to provide a full name for this defendant. Dkt. # 30-1, at 2. Plaintiff's counsel learned that this defendant's full name was "Cody Thomas" and attempted to locate this individual to serve him with a summons and copy of the complaint. Plaintiff's counsel investigated this issue and found two persons residing in Creek County, Oklahoma named "Cody Thomas," but neither person was a current or former detention officer at the Creek County Jail. Id. Plaintiff's counsel hired a private investigator to locate the correct Cody Thomas. The private investigator was successful and, as the private investigator was also a licensed process server, he served defendant Cody Thomas on January 28, 2011. Thus, plaintiff served defendant Cody Thomas nine days after his deadline to effect timely service under Rule 4(m) expired.

The Federal Rules of Civil Procedure require a plaintiff to serve each defendant within 120 days of filing the complaint, or the Court must dismiss the plaintiff's claim against any defendant who has not been served or permit the plaintiff to serve the defendant within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff can show "good cause" for failing to serve the defendant within 120 days, the court shall allow the plaintiff additional time to effect service. The Tenth Circuit has

---

[2] Plaintiff did not respond to defendant's "supplemental" motion to dismiss. However, plaintiff responded to defendant's original motion to dismiss and, as the "supplemental" motion to dismiss is nearly identical to the original motion to dismiss, the Court will consider the arguments and objections in plaintiff's response when ruling on defendant's "supplemental" motion to dismiss.

created a two-step analysis to assist district courts when considering whether to grant a plaintiff's request for additional time:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Excuses for failing to serve a party, such as inadvertence, omission, or neglect, do not constitute good cause. In re Kirkland, 86 F.3d 172, 175 (10th Cir. 1996); Cox v. Sandia Corp., 941 F.2d 1124, 1125-26 (10th Cir. 1991). A court must consider plaintiff's argument as to the existence of good cause and make specific findings on those arguments or the district court's decision to deny additional time to effect service is "merely abuse of discretion and inconsistent with the spirit of the Federal Rules." ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1459 (10th Cir. 1995).

Plaintiff has shown good cause for his failure to serve defendant Detention Officer Cody Thomas within 120 days of filing the original complaint, and Thomas' motion to dismiss should be denied. Plaintiff did not know this defendant's full name when the complaint was filed, but plaintiff's counsel subsequently learned that this defendant was named "Cody Thomas." After discovering this defendant's full name, plaintiff's counsel located two persons with the same name, but determined that they were not the same Cody Thomas who may have committed the acts alleged in the complaint. Plaintiff's counsel hired a private investigator who was able to locate the correct defendant, and this defendant was served on January 28, 2011. This constitutes good cause for failing to serve defendant Cody Thomas with 120 days of filing the original complaint. Plaintiff's

3

counsel made a good faith effort to locate the correct party and served defendant nine days after the 120-day deadline expired. This nine-day delay did not prejudice defendant or any other party. On the other hand, granting defendant's motion to dismiss would result in the re-filing of the same claims against defendant, and this would cause the Court to open a new case and would delay discovery in this case. Even though defendant was served nine days after the deadline to serve him expired, plaintiff has shown good cause for any delay and defendant should not be dismissed as a party to this case.

**IT IS THEREFORE ORDERED** that Defendant Detention Officer Thomas' Motion to Dismiss and Brief in Support (Dkt. # 28) is **moot**, and Defendant Detention Officer Thomas' Supplemental Motion to Dismiss and Brief in Support (Dkt. # 38) is **denied**.

**DATED** this 21st day of April, 2011.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT