UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MATTHEW LUCIEN TURNBULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-0599-CVE-FHM |
| | ) | |
| STEVE TOLIVER, individually and as Sheriff of Creek County, CORRECTIONAL MANAGEMENT OF OKLAHOMA, INC., DETENTION OFFICER RICHARD WILDCAT, individually and as Deputy Sheriff and Detention Officer of Creek County Sheriff's Office, DETENTION OFFICER CODY THOMAS, individually and as Detention Officer of Creek County Sheriff's Office, KELLY BIRCH, individually and as Deputy Sheriff and Jail Administrator for Creek County Sheriff's Office, and ROBERT DEAN, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court are the Special Appearance of Defendant Correctional Healthcare Management of Oklahoma, Inc. ("CHMO") and Motion to Dismiss Plaintiff's Amended Complaint [Doc. 35] and Brief in Support (Dkt. ## 49, 50) and plaintiff's Second Motion to Amend Complaint (Dkt. # 55). Defendant CHMO argues that plaintiff has failed to state a claim against it under 42 U.S.C. § 1983, because the amended complaint (Dkt. # 35) does not contain any factual allegations concerning CHMO's alleged deliberate indifference to plaintiff's need for medical care. Plaintiff responds that he has stated a claim against CHMO but, if the Court grants CHMO's motion to

dismiss, he requests leave to file a second amended complaint re-alleging a § 1983 claim against CHMO with additional factual allegations.

**I.**

On June 25, 2009, Mattieu Lucien Turnbull was taken to the Creek County Justice Center and booked on unspecified charges. Dkt. # 35, at 4. Four detention officers, including Richard Wildcat and Cody Thomas, took Turnbull to a cell. Turnbull alleges that Wildcat and Thomas stated "Oh, you think you're tough. We'll see how tough you are," and placed Turnbull in a cell with other inmates known for violence against new detainees.[1] Id. Turnbull claims that the inmates immediately began to beat him and the detention officers encouraged the inmates to beat Turnbull. He also claims that Dean and other inmates raped him while the detention officers watched. Turnbull states that the attack stopped when another inmate came to his aid. Turnbull alleges that he suffered a head injury and had loose and missing teeth, and it was clear that he needed medical treatment. Id. at 4-5. Turnbull claims that he requested medical and mental health treatment from jail staff but his requests were ignored. Id. at 5. He claims that he was detained at the Creek County Justice Center for approximately 24 hours, and he was later moved to the Okmulgee County Jail. Id.

Turnbull filed this lawsuit alleging § 1983 claims against Creek County Sheriff Steve Toliver, Kelly Birch, a deputy sheriff and administrator of the Creek County Justice Center, CHMO, Wildcat, Thomas, and Dean. Turnbull alleges that defendants allowed the use of "excessive brutal, and unnecessary force upon Turnbull" and were deliberately indifferent to his need for medical

---

[1] Plaintiff alleges that one of these inmates with violent propensities was defendant Robert Dean. Although Dean is named as a party to plaintiff's § 1983 claim, it is unclear how Dean would qualify as a state actor.

2

treatment. Turnbull alleges a separate § 1983 claim against Toliver for failing to train prison staff and failing to discipline detention officers who fostered an "atmosphere of lawlessness." Id. at 8-9. Plaintiff requests $10 million in compensatory damages and $5 million in punitive damages on each of his claims, for a total of $30 million. Id. at 10-11.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without

3

supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

CHMO argues that plaintiff has failed to state a § 1983 claim against it, because the amended complaint does not contain any allegations that CHMO knew of plaintiff's need for medical treatment and denied him treatment. Dkt. # 49, at 6. Plaintiff responds that CHMO contracted with the Creek County Justice Center to provide medical services to inmates, and that it failed to provide him medical treatment when it was apparent that he had suffered serious injuries. Dkt. # 54, at 6-7. Plaintiff has also filed a separate motion to amend (Dkt. # 55) if the Court finds that CHMO's motion to dismiss should be granted.

Section 1983 provides a cause of action against state actors for violation of a plaintiff's federal rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). In this case, plaintiff alleges that CHMO violated the Eighth and Fourteenth Amendments to the United States Constitution by acting with deliberate indifference to his need for medical care while he was incarcerated. Dkt. # 35, at 7. "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994); Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). In Wilson v. Seiter, 501 U.S. 294 (1991), the Supreme Court clarified that deliberate indifference has two components: (1) an objective requirement that the pain or deprivation be sufficiently serious; and

4

(2) a subjective requirement that the offending officials act with a sufficiently culpable state of mind. Wilson, 501 U.S. at 298-99. Negligence does not state a claim under § 1983 for deliberate indifference to medical needs. Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993). In addition, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A delay in medical care only constitutes a constitutional violation where the plaintiff can show that the delay resulted in substantial harm. Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001).

Plaintiff has not stated a deliberate indifference claim against CHMO, because the amended complaint contains no allegations that CHMO or its employees actually knew of plaintiff's need for medical treatment. Instead, plaintiff alleges that prison staff refused to take him for evaluation or medical treatment, and it is unclear from the allegations of the amended complaint if plaintiff's injuries were reported to CHMO. Dkt. # 35, at 5. A necessary element of a deliberate indifference claim is that the defendant knew of and disregarded an inmate's need for medical treatment. Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). At most, the allegations of the amended complaint could be construed to support an inference that CHMO should have been aware of plaintiff's injuries and negligently failed to provide him medical treatment. This is not sufficient to state a § 1983 claim against CHMO and CHMO's motion to dismiss should be granted.

Plaintiff requests leave to file a second amended complaint specifically alleging that CHMO knew of plaintiff's injuries and need for medical treatment but deliberately refused to provide him medical or mental health treatment. Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's

5

written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206.

CHMO asserts that plaintiff's proposed second amended complaint does not state a claim against CHMO, and plaintiff's motion to amend should be denied as futile. It argues that the Court should disregard the new allegations of plaintiff's proposed second amended complaint, because they are vague, "suspect," and "factually unsupported." Dkt. # 57, at 2. However, if the second amended complaint were actually filed, the Court would not be permitted to disregard well-pleaded factual allegations and could not grant a motion to dismiss due to suspicions that a factual allegation is untrue. See Hertz v. Luzenac Group, 576 F.3d 1103, 1117 (10th Cir. 2009); Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001). Defendant also incorrectly argues that there is a heightened pleading standard for § 1983 claims involving multiple defendants and, quite to the contrary, the case cited by defendants rejects the application of a heightened pleading standard. Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008). Instead, § 1983 claims must be pled in compliance with Twombly and with consideration of the need to resolve qualified immunity issues as early in the case as possible. Id. Even if plaintiff had not filed a motion to amend, the Court would have dismissed plaintiff's claim against CHMO without prejudice and

granted him leave to amend, and the Court sees no reason to deny plaintiff's motion to amend. See Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1131 (10th Cir. 1994) ("where the record clearly reflects that the non-moving party possesses additional facts necessary for an amendment and where that party has repeatedly expressed a willingness to amend, the court should reserve to the non-movant leave to amend upon dismissal of the action"). Plaintiff has clearly shown a willingness to amend his complaint and it could be possible for plaintiff to correct the pleading deficiency, and the Court would abuse its discretion by denying plaintiff's motion to amend.

**IT IS THEREFORE ORDERED** that the Special Appearance of Defendant Correctional Healthcare Management of Oklahoma, Inc. ("CHMO") and Motion to Dismiss Plaintiff's Amended Complaint [Doc. 35] and Brief in Support (Dkt. ## 49, 50) ("CHMO") is **granted**, and plaintiff's claim against CHMO is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's Second Motion to Amend Complaint (Dkt. # 55) is **granted**, and plaintiff may file a second amended complaint re-alleging his claim against CHMO no later than **July 22, 2011**.

**DATED** this 19th day of July, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT